UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT BONARRIGO<br>    Plaintiff,<br><br>vs.<br><br>EAST CAMBRIDGE SAVINGS BANK,<br>JOHN DOES 1-10, and X, Y, Z CORPORATIONS<br>    Defendants, | Civil Action No.<br><br>1:11-cv-11961 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. Plaintiff, Scott Bonarrigo, brings this action against the above referenced Defendants, for violating the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et. seq. ("EFTA") and Regulation E, 12 C.F.R. §§ 205.1-205.20. The Defendants charged the Plaintiff a transaction fee of $2.00 at an automated teller machine ("ATM") without having placed a notice of the fee in a prominent and conspicuous location as required by the law. Plaintiff sees statutory damages, costs and attorney fees.

### II. JURISDICTION AND VENUE

2. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

3. The EFTA, and the Regulations promulgated thereunder are federal laws and therefore jurisdiction is conferred by 28 U.S.C. § 1331. Venue is proper in this district under 28 U.S.C. § 1391(b) because Plaintiff lives in this district, Defendants do business in this jurisdiction, and a substantial portion of the transaction or occurrences took place in this jurisdiction.

### *III. PARTIES*

4. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

5. Plaintiff is Scott Bonarrigo, an adult individual, citizen of the United States, and resident of Massachusetts, with a current residence in Essex County, Massachusetts.

6. Defendants are the following entities with the following principle business addresses:

   (a) East Cambridge Savings Bank, a Massachusetts entity, with a principle place of business in this state located in Middlesex County, at 2067 Massachusetts Avenue, Cambridge, Massachusetts 02140.

   (b) John Does 1-10 whose identities are not known at this time, but whose identities will be obtained in discovery. Such Does may include persons or business entities. It is believed that said Does had a substantial involvement in the transaction or occurrences that are the subject of this complaint. Such Does benefited from the acts complained of and had a substantial role is

causing the acts complained of.

(c) X,Y, Z Corporations whose identities are not known at this time, but whose identities will be obtained in discovery. Such entities may include corporations or other business entities. It is believed that said entities had a substantial involvement in the transaction or occurrences that are the subject of this complaint. Such entities benefited from the acts complained of and had a substantial role is causing the acts complained of.

## *IV. FACTUAL ALLEGATIONS*

7. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

8. The EFTA requires that ATM operators provide notice to the consumer that the operator will impose a transaction fee. Specifically, the EFTA and the Regulations promulgated thereunder require that the fee notice be placed in a prominent and conspicuous location on or at the ATM.

9. All ATM operators, including Defendants, are prohibited by law from charging a fee unless they comply with the notice provisions of the EFTA.

10. Defendants are ATM operators under the EFTA and operated the ATM located at 2067 Massachusetts Avenue, Cambridge, Massachusetts 02140.

11. Plaintiff is a consumer under the EFTA.

12. Within the applicable statute of limitations under the EFTA prior to the commencement of this action, on June 5, 2011 at 10:20 antemeridian, Plaintiff used the ATM described above.

13. Plaintiff is not a regular customer of the location at 2067 Massachusetts Avenue, Cambridge, Massachusetts 02140.

14. The ATM charged Plaintiff $2.00 for the transaction.

15. There was no external fee notice on or near the ATM, placed in a prominent and conspicuous location as required by the EFTA.

16. There was no visible sign of any form of adhesive residue that would have alerted Plaintiff that a fee notice sticker had previously been present but later removed.

17. As a result of the absence of an external fee notice being in a prominent and conspicuous location on or at the ATM, it was a violation of the EFTA to charge Plaintiff or any other person who used the ATM a fee.

**COUNT ONE: Violation of the Electronic Fund Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Reserve Regulation E. 12 C.F.R. § 205.15.**

18. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

19. Congress enacted the EFTA to protect individual consumer rights by "providing a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). In order to be covered by the EFTA, electronic fund transfers must (1) involve a transfer of funds, (2) that is initiated by electronic means, and (3) debits or credits a consumer account. Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1328 (7th Cir. 1997).

20. The Electronic Fund Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Reserve Regulation E. 12 C.F.R. § 205.15 require ATM operators such as Defendants to provide notice to consumers that the operator will or may impose a fee on consumers for conducting a transaction at an ATM. One notice must be posted on or near the ATM. This notice is in addition to any that appear on the ATM screen.

21. The EFTA requires ATM operators to provide notice of any fees charged to consumers. An ATM operator that imposes a fee on the consumer must, at the time the service is provided, tell the consumer that a fee is imposed and the amount of the fee. 15 U.S.C. § 1693b(3)(A). The EFTA also requires ATM operators to provide the fee notice on both the machine and the ATM screen 15 U.S.C. § 1693b(3)(B).

22. The EFTA, 15 U.S.C. §1693b(d)(3)(c), and Regulation E, 12 C.F.R. §205.16(e), prohibit the imposition of a fee for using an ATM if the notice requirements are not met.

23. Defendants are the operators of the ATM located at 2067 Massachusetts Avenue, Cambridge, Massachusetts 02140.

24. By not placing a notice of the transaction fee on or at the ATM in a prominent and conspicuous location, Defendants failed to comply with the notice requirements of the EFTA.

25. Defendants imposed a transaction fee despite not having complied with the notice requirements of the EFTA; thus violating the EFTA.

26. Plaintiff used the ATM located at 2067 Massachusetts Avenue, Cambridge, Massachusetts 02140 on June 5, 2011 at 10:20 antemeridian, and was charged a fee of $2.00 for the transaction.

27. The fee charged to Plaintiff in violation of the EFTA thus harmed Plaintiff, and as a result that entitles Plaintiff to statutory damages.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendant's conduct violated both the EFTA and Regulation E.

B. Statutory damages as set forth in the EFTA and Regulation E.

C. Attorneys fees and costs.

D. Such other relief as this Court deems proper and just.

RESPECTFULLY SUBMITTED,
By: It's Attorney
Mark C. Thomas
BBO: 671627
Consumer Rights Law Firm
2 Dundee Park, Suite 201
Andover, Massachusetts, 01810
Phone: (978) 212-3300
Fax: (888) 712-4458
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**
Please take notice that plaintiff Scott Bonarrigo demands trial by jury in this action.